UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RYAN TYLER KILBY, :
    Plaintiff, :
 :
v. : C.A. No. 19-116WES
 :
CREDIT ACCEPTANCE, et al., :
    Defendants. :

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge.

    On March 7, 2019, Plaintiff Ryan Tyler Kilby filed a *pro se* complaint, along with a motion for leave to proceed *in forma pauperis* ("IFP"). The IFP Motion has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A). Based on my review of the application, and assuming its representations to be true, I conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(1); accordingly, the IFP motion is granted. However, because of the IFP application, this case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B).

    The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same used when ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A complaint is also subject to examination of whether there are appropriate grounds for invoking the court's

jurisdiction. Federal district courts are limited to exercising jurisdiction over cases that arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over cases between citizens of different states where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). If based on diversity of citizenship, a viable complaint must also establish both the requisite amount in controversy and that diversity is complete, that is, the citizenship of each plaintiff must be diverse from that of each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

Plaintiff's claim is based on the police-assisted repossession of his vehicle on February 27, 2019, from private property while he was sleeping inside it. ECF No. 1-1 at 1. He appears to allege that he was not in default of any loan or lease of the car because he had paid an agreed-upon amount after a prior repossession. Id. He claims that the repossession was unlawful and sues Credit Acceptance, the putative lender, Loss Prevention Services, LLC, the repossession company, and Rhode Island Recovery, the towing company.[1] Id. Invoking the Fourth Amendment, he alleges that a Tiverton police officer (Officer Rapoza) used the threat of force to assist with the repossession, including compelling Plaintiff to exit the car and performing an unwarranted body search after he did; based on this claim of a constitutional violation, he has sued the Tiverton Police Department and Officer Rapoza. Id. This aspect of the pleading passes muster, at least at screening.

---

[1] Plaintiff also references a much-criticized, unreported 1969 decision written by a Minnesota Justice of the Peace and subsequently vacated. First Bank of Montgomery v. Daly, No. 19144 (Minn. J.P. Ct. Dec. 9, 1969); see In re Daly, 171 N.W.2d 818 (Minn. 1969). This case apparently held that a loan is not owed because the money was "created" by the bank. If it were the sole basis for Plaintiff's claim that he was not in default because he does not owe a real loan, I would recommend dismissal of the claims of wrongful repossession. See Eastern Savings Bank, FSB v. Springer, 11-CV-4431 (ERK), 2015 WL 13735520, at *8 (E.D.N.Y. Jan. 30, 2015) (citing federal courts that have admonished parties for relying on this decision). Fortunately, it is not.

By contrast, based on my review of the operative pleading,[2] I find that the complaint fails to state a claim against the remaining three of the four named Tiverton police officers. Two of them, Officers Kobelecki and Codner, are not even mentioned in the substance of the pleading. All claims against them fail to state a claim and should be dismissed. Officer Melody is mentioned as being sued for defamation on a "totally separate issue"; however, the complaint includes no facts to support this claim. Accordingly, it fails to state a claim upon which relief may be granted. I recommend that the case against Officers Kobelecki, Codner and Melody should be dismissed.

An aside: Plaintiff alleges that his case is based on diversity of citizenship and that he is a citizen of Massachusetts. ECF No. 1 at 3. Yet he lists himself as a resident of Rhode Island.[3] Id. at 1. This strongly suggests that he is a citizen of Rhode Island, so there is no diversity between him and Rhode Island Recovery and all of the Tiverton police officers. This problem does not matter yet because the Fourth Amendment claim against Officer Rapoza and the Tiverton Police Department is based on federal question jurisdiction and the related claims for wrongful repossession against the lender, repossession company and towing company may proceed in federal court based on supplemental jurisdiction. See 28 U.S.C. § 1367. The claim against Officer Melody is unrelated and cannot be sustained unless there is diversity, but with no facts to support it, it must be dismissed without regard to the lack of diversity.

---

[2] Because Plaintiff is *pro se*, I have employed a liberal construction of his filing. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

[3] Plaintiff has been a frequent litigant in this Court and consistently describes himself as a resident of Rhode Island. See Tiverton Police Dep't v. Kilby, CR. No. 18-25JJM (unsuccessful attempt to remove state criminal proceedings to this Court); Kilby v. Johnson and Wales Univ., C.A. No. 14-217ML (dismissed at screening as frivolous and for failure to state a claim); Kilby v. Nat'l Grid Inc., C.A. No. 14-147ML (same).

Based on the foregoing, Plaintiff's application to proceed without prepayment of fees is GRANTED. However, I recommend that the claims against Officers Kobelecki, Codner and Melody be DISMISSED, with leave to replead within thirty days. See 28 U.S.C. §§ 1915(e)(2), 1915A. If Plaintiff opts not to file an amended complaint, or if his amended complaint fails to cure the deficiencies as to Officers Kobelecki, Codner and Melody, those claims should be dismissed. The remainder of the claims may proceed.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 19, 2019