# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RYAN TYLER KILBY, | : |
|     Plaintiff, | : |
| | : |
| v. | :    C.A. No. 19-116WES |
| | : |
| CREDIT ACCEPTANCE, et al., | : |
|     Defendants. | : |

## MEMORANDUM AND ORDER

Patricia A. Sullivan, United States Magistrate Judge.

On March 7, 2019, Plaintiff Ryan Tyler Kilby filed a *pro se* complaint based on the alleged police-assisted wrongful repossession of his vehicle on February 27, 2019. ECF No. 1. On March 19, 2019, I granted his motion for leave to proceed *in forma pauperis* and issued a report and recommendation recommending that the claims against Tiverton Police Officers Kobelecki, Codner and Melody be dismissed with leave to amend, while the remaining claims be allowed to proceed. ECF No. 5 at 4.

Plaintiff's written objection to my report and recommendation stated that he wished to take advantage of the opportunity to amend; in support, he provided additional factual information linking Officers Kobelecki and Codner to the alleged wrongful vehicle possession and linking Officer Kobelecki to the unwarranted body search. He also advised the Court that he does not object to the dismissal of Officer Melody. On August 27, 2019, Chief Judge Smith adopted my recommendation, dismissing Officer Melody and referring Plaintiff's objection to me "to determine whether that document should be considered an amendment to the complaint, and if so, whether the claims should proceed or be dismissed." Text Order of Aug. 27, 2019.

I find that Plaintiff has succeeded in adding sufficient factual matter, that, if properly incorporated into his complaint, is sufficient for the case to be proceed (except as to Officer

Melody). However, in order for the case to proceed, Plaintiff must now prepare and file a single amended complaint that will become the operative pleading to be served on the remaining defendants. This amended complaint must contain all of the allegations in the original complaint, as well as the new factual material in the objection. This amended complaint will entirely displace the original pleading. See Global ePoint, Inc. v. GTECH Corp., 58 F. Supp. 3d 178, 190 (D.R.I. 2014) (citing Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008)) ("amended complaint typically renders the original complaint 'dead letter'").

Based on the foregoing, Plaintiff is hereby directed to file a single unified amended complaint that meets the requirements of Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). He should also ensure that his amended complaint:

1. includes the names of all defendants in the caption;

2. sets forth his allegations in separately-numbered paragraphs;

3. complies with Rule 8(a) of the Federal Rules of Civil Procedure and provides adequate factual notice to the individual defendants of the nature and basis of his claims against each of them;

4. states where and when the acts or omissions about which he complains occurred and who allegedly committed those acts or omissions; and

5. states plainly the basis for his individual claim(s) against each defendant, the right violated and the relief which he is seeking against each.

Plaintiff is directed to file his amended complaint by September 30, 2019. If he does not do so by that date, his case may be dismissed.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 3, 2019